UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                           Criminal Action No. 19-cr-20500
                                                HON. BERNARD A. FRIEDMAN

vs.

NIKITA BRACKETT,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Before the Court is defendant Nikita Brackett's motion for compassionate release. (ECF No. 390). The Court shall decide the motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court will deny the motion.

Brackett is currently serving a 60-month sentence for one count of possession with intent to distribute cocaine. (ECF No. 273, PageID.1326). She is incarcerated with the Bureau of Prisons at FMC Carswell. (ECF No. 390, PageID.2133). Brackett now seeks compassionate release pursuant to 18 U.S.C. § 3852(c)(1)(A), citing hypertension and unspecified health-related conditions that she claims may increase her risk of complications from COVID-19. (*Id.*, PageID.2131). She also wants to

care for her daughter and mother, who is allegedly undergoing cancer treatments. (*Id.*).

District courts may modify a defendant's sentence only where a statute vests them with such authority. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009); *see also United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) ("The authority of a district court to resentence a defendant is limited by statute" and is "expressly prohibit[ed] . . . beyond those exceptions expressly enacted by Congress."). 18 U.S.C. § 3582(c)(1)(A) is one of those statutes. It provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The Sixth Circuit has clarified "how district courts, following the enactment of the First Step Act, should analyze defendant-filed motions seeking release under § 3582(c)(1)(A)." *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions.

*Id.* (citations omitted).

Placing aside whether Brackett properly exhausted her avenues for administrative review, the Court declines to award her compassionate release. Brackett never provided the Court with medical documentation verifying that she suffers from hypertension or any other medical condition that may increase her risk of complications from COVID-19.[1] *See United States v. Elias*, 984 F.3d 516, 520-21 (6th Cir. 2021) (holding that the district court could have denied compassionate release where the defendant "did not provide any records in her motion to support that she has hypertension."); *United States v. Bennett*, No. 20-1680, 2020 U.S. App.

---

[1] Brackett's motion is also hampered by her failure to attach medical evidence confirming that her daughter suffered traumatic brain injuries and that her mother was recently diagnosed with cancer. (ECF No. 390, PageID.2128, 2131). *See United States v. Jackson*, No. 21-1840, 2022 U.S. App. LEXIS 21827, at *5 (6th Cir. Aug. 5, 2022) (affirming denial of compassionate release on family care grounds where the defendant failed to proffer his family members' medical records).

3

LEXIS 33862, at *4 (6th Cir. Oct. 27, 2020) (affirming denial of compassionate release where the defendant "generally alleged that he had various health problems" and "failed to submit medical evidence showing that he had any of the alleged ailments").

At any rate, hypertension alone does not meet the criteria for compassionate release on medical grounds. *See Elias*, 984 F.3d at 520-21; *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021).

Even if Brackett had submitted her medical records, BOP has made COVID-19 vaccinations widely available to federal inmates. https://www.bop.gov/coronavirus (last visited Aug. 9, 2022). FCM Carswell reports some of the highest inmate vaccination rates of any BOP facility. *Id.* There are currently two inmates and 23 staff members at the facility who are COVID-19 positive. *Id.* Under these circumstances, Brackett's risk of contracting COVID-19 is significantly diminished and "does not present an extraordinary and compelling reason warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021).

Assuming Brackett's medical conditions could somehow meet the "extraordinary and compelling" threshold (which they do not), the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors" where "extraordinary and compelling reasons would otherwise justify

4

relief." *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (cleaned up). When making sentencing determinations, courts are required to consider "the nature and circumstances of the offense" as well as "the need for the sentence imposed . . . to promote respect for the law," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A)-(C). These factors weigh against reducing Brackett's sentence.

To start with, a district court's "initial balancing of the § 3553(a) factors" during the defendant's sentencing "remains an accurate assessment as to whether those factors justify" a subsequent reduction. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). The defendant must, therefore, "make a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *Id.* Brackett fails to satisfy this burden.

Given the seriousness of her offense (she facilitated the distribution of substantial amounts of cocaine into the local community), the need to provide just punishment and adequate deterrence, and that the Court already sentenced her to a term of imprisonment below the guidelines range (60 months rather than the recommended 87-108 months), awarding Brackett compassionate release would only undermine the important sentencing objectives section 3553(a) aims to achieve.

One final point. Although Brackett is not entitled to the relief she requests, the Court encourages her to work with the program directors in the BOP, and upon

5

her release from custody, the Probation Office, to achieve her goals. So many people are pulling for her success – especially me. Accordingly,

IT IS ORDERED that Brackett's motion for compassionate release (ECF No. 390) is denied.

Dated: August 16, 2022  
Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on August 16, 2022.

**Nikita Brackett** #57646-039  
CARSWELL  
FEDERAL MEDICAL CENTER  
Inmate Mail/Parcels  
P.O. BOX 27137  
FORT WORTH, TX 76127

s/Johnetta M. Curry-Williams  
Case Manager